UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ALECIA HINTON, f/k/a Alecia Kees, individually and for the heirs and next of kin of Jaidyn Grace Andrus; and SCOTT ANDRUS, individually, | Case No. 17-CV-5184 (PJS/ECW) |
| Plaintiffs, | ORDER |
| v. | |
| SUNBEAM PRODUCTS, INC., d/b/a Jarden Consumer Solutions, | |
| Defendant. | |

Joseph M. Sayler and David M. Bolt, BOLT HOFFER BOYD LAW FIRM, for plaintiffs.

David J. O'Connell, GOLDBERG SEGALLA LLP; George W. Soule, SOULE & STULL LLC, for defendant.

This products-liability action arises out of the death of the five-year-old daughter of plaintiffs Alecia Hinton and Scott Andrus. The child died after a humidifier caught fire in her bedroom. The humidifier was manufactured by defendant Sunbeam Products, Inc. ("Sunbeam").

This matter is before the Court on the parties' cross-motions for partial summary judgment. The Court held a hearing on the motions on January 10, 2020. For the reasons stated on the record at the hearing, the Court denies plaintiffs' motion and denies Sunbeam's motion as to plaintiffs' claim for negligent infliction of emotional

distress. The only remaining issue is whether Sunbeam is entitled to summary judgment on plaintiffs' claim for post-sale negligent failure to warn.[1] For the reasons that follow, the Court denies Sunbeam's motion as to that claim.

In *Great Northern Insurance Company v. Honeywell International, Inc.*, the Minnesota Supreme Court adopted § 10 of the Restatement (Third) of Torts: Products Liability, under which a seller has a post-sale duty to warn if:

> (1) the seller knows or reasonably should know that the product poses a substantial risk of harm to persons or property; and
>
> (2) those to whom a warning might be provided can be identified and can reasonably be assumed to be unaware of the risk of harm; and
>
> (3) a warning can be effectively communicated to and acted on by those to whom a warning might be provided; and
>
> (4) the risk of harm is sufficiently great to justify the burden of providing a warning.

911 N.W.2d 510, 520 (Minn. 2018). Plaintiffs bear the burden of establishing each of these factors. *Id.*

---

[1] Plaintiffs do not oppose Sunbeam's motion for summary judgment on their claims for negligent testing and breach of the implied warranty of merchantability. Sunbeam did not move for summary judgment on plaintiffs' claims for strict liability/design defect, strict liability/manufacturing defect, negligent failure to warn, and negligent design.

Sunbeam argues that plaintiffs cannot establish the second and third factors because they cannot prove that Sunbeam could identify and effectively communicate a warning to consumers who purchased its humidifiers. The Court disagrees.

Plaintiffs have submitted evidence that Alecia Hinton purchased the humidifier in 2010 or 2011 and that, at the time of purchase, she filled out a product-registration card and sent it to Sunbeam. Hinton Dep. 49-50; Hinton Decl. ¶ 1. The card asked for detailed information, including the model number of the product and the customer's name, address, and email address. Sayler Decl. Ex. L at 2. The address that Hinton provided is the same residence where the fire eventually occurred. Hinton Decl. ¶ 1.

It is undisputed that Sunbeam does not currently possess any information about Hinton or Andrus in its customer database. Nerkizian Aff. ¶ 9. The exemplar registration card in the record, however, states that Sunbeam retains customer information in its files "for up to five years." Sayler Decl. Ex. L at 1. If in fact Sunbeam has a five-year retention policy, a jury could find that Sunbeam had plaintiffs' contact information during at least part of the time when a warning could have been provided,[2] even though Sunbeam does not have that information now. Sunbeam argues that its current database includes customer information submitted as far back as 2008, and thus

---

[2] Plaintiffs have not identified the date on which any post-sale duty to warn allegedly arose. The Court takes no position on that issue.

Hinton could not have registered the humidifier. But it is up to the jury to resolve the conflicting evidence about the extent to which Sunbeam kept customer information.

Sunbeam also suggests that, because it had contact information for only *some* of its customers, it did not have an obligation to warn *any* of them.[3] This argument is supported by neither law nor logic. The Court can think of no reason why a manufacturer that otherwise has a post-sale duty to warn about a dangerous product should be excused from warning the customers whose contact information it does have because there are other customers whose contact information it does not have. Sunbeam has not cited—and the Court has not found—any judicial decision supporting such a limitation on the post-sale duty to warn. *Cf. McDaniel v. Bieffe*, 35 F. Supp. 2d 735, 742 (D. Minn. 1999) ("Mass production and wide distribution may *limit the response the duty mandates* rather than *defeat the duty's existence*.").

Sunbeam also contends that adequate warnings were provided with the humidifier. Specifically, Sunbeam points to warnings about the general risk of fire and instructions about how to fill the tank. As discussed at oral argument, however, there is a factual dispute concerning whether plaintiffs filled the tank improperly and thus whether the fire was caused by the misuse warned against in the instructions.

---

[3]Neither side offered evidence regarding the percentage of customers for whom Sunbeam has contact information. For purposes of Sunbeam's argument, the Court assumes that it is less than 100%.

Moreover, for most if not all of the relevant timeframe (that is, the timeframe encompassing the parties' dispute concerning the date of purchase), Sunbeam did not warn that improperly filling the humidifier could create a fire hazard. Derion Dep. 77. As a result, there is at least a jury question regarding the adequacy of the original warnings. *See Gray v. Badger Mining Corp.*, 676 N.W.2d 268, 274 (Minn. 2004) ("To be legally adequate, the warning should (1) attract the attention of those that the product could harm; (2) explain the mechanism and mode of injury; and (3) provide instructions on ways to safely use the product to avoid injury.").

For these reasons, the Court denies Sunbeam's motion for summary judgment on plaintiffs' claim for post-sale negligent failure to warn.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant's motion for partial summary judgment [ECF No. 86] is GRANTED IN PART and DENIED IN PART as follows:

    a. The motion is GRANTED as to Count V (negligent testing) and Count VII (breach of implied warranty of merchantability) in plaintiffs' complaint [ECF No. 1], and those claims are DISMISSED WITH PREJUDICE AND ON THE MERITS.

      b.      The motion is DENIED in all other respects.

2.      Plaintiffs' motion for partial summary judgment [ECF No. 94] is DENIED.

Dated: January 15, 2020             s/Patrick J. Schiltz
                                                  Patrick J. Schiltz
                                                  United States District Judge